IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
WESLEY L. LEWIS,              *
     Plaintiff,               *
                              *
           v.                 *
                              *    CV 1:16-106
THE CITY OF WADLEY, a         *
municipal Corporation         *
organized under the laws of   *
the State of Georgia, HAROLD  *
MOORE, individually and as    *
Mayor, City of Wadley, IZELL  *
MACK, individually and as     *
Councilman, City of Wadley,   *
JOHN MAYE, individually and as *
Councilman, City of Wadley,   *
KENDRICK McBRIDE, individually *
and as Councilman, City of    *
Wadley, ELIZABETH MOORE,      *
individually and as           *
Councilwoman, City of Wadley, *
JERRY THOMAS, individually and *
as Councilman, City of Wadley, *
                              *
     Defendants.              *
                              *
                              *
```

## O R D E R

Presently before the Court is Plaintiff's Motion to Remand (docs. 5, 5-1), Defendants' Response (doc. 6), and Defendants' Motion to Recover Costs (doc. 6). Plaintiff argues that the Court should remand his case to state court because at some date in the future he will amend his complaint to remove the federal law claims. Plaintiff also makes a veiled request to amend his

complaint within his motion to remand. Defendants argue that Plaintiff's motion to remand is premature because he has not yet properly amended his complaint. The Court agrees with Defendants.

Before filing a motion to remand, Plaintiff must properly file a motion to amend under Federal Rule of Civil Procedure 15(a). To properly file a motion to amend under Rule 15(a), Plaintiff must abide by the guidelines of Federal Rule of Civil Procedure 7(b). See <u>Posner v. Essex Ins. Co., Ltd.</u>, 178 F.3d 1209, 1222 (11th Cir. 1999)(citing Fed. R. Civ. P. 7(b)). Rule 7(b) requires that any "application to the court for an order shall be by motion which . . . shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Thus, "where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." <u>Posner</u>, 178 F.3d at 1222.

Plaintiff's request to amend his complaint, if it can be construed as such, does not comply with Rule 15(a) or Rule 7(b). It lies within his motion to remand and fails to cite Rule 15(a). Additionally, it uses the language "dismiss" rather than amend, and Plaintiff fails to offer the Court a copy of his new amended complaint. Thus, this Court finds that Plaintiff has not yet properly filed a motion to amend his complaint.

Because Plaintiff has not yet properly filed a motion to amend his complaint, this Court cannot grant him leave to remove his federal law claims. Until Plaintiff properly moves to amend his complaint, his federal-law claims will remain pending and the Court will retain subject-matter jurisdiction. As long as the Court retains federal subject-matter jurisdiction, it cannot remand this case. Therefore, the Court **DENIES** Plaintiff's Motion to Remand (doc. 5) **WITHOUT PREJUDICE,** and welcomes the Plaintiff to file a proper motion to amend if he so desires. Because this case has not been remanded, the Court **DENIES** as moot the Defendants' Motion to Recover Costs. (Doc. 6.)

**ORDER ENTERED** at Augusta, Georgia, this 30th day of September, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA