IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WESLEY L. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-106 |
| | ) | |
| THE CITY OF WADLEY, a municipal | ) | |
| corporation organized under the laws | ) | |
| of the State of Georgia, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

On December 1, 2016, Defendants filed a motion requesting a stay of discovery, (doc. no. 14), until a ruling on Defendants' motion for judgment on the pleadings (doc. no. 13). Upon consideration, and for the reasons set forth below, the Court **GRANTS** the request.

Under Fed. R. Civ. P. 26(c), this Court has "broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Ameris Bank v. Russack, No. CV614-002, 2014 WL 2465203, at *1 (S.D. Ga. May 29, 2014) (quoting Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987)). A stay should be granted where all discovery may be mooted by ruling on a legal issue. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed.") Moreover, courts have granted motions to stay where the "resolution on the pending motion . . . may extinguish some or all of the claims . . .

potentially restricting the scope of discovery significantly." White v. Georgia, No. 1:07CV01739WSD, 2007 WL 3170105, at *2 (N.D. Ga. Oct. 25, 2007).

The court may take a "preliminary peak" at the merits of the dispositive motion to assess the likelihood that it will be granted. Russack, 2014 WL 2465203, at *1 (citing Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). Here, because a cursory review of the motion for judgment on the pleadings suggests it has the *potential* to be "case-dispositive," Feldman, 176 F.R.D. at 653, or could restrict the scope of discovery, discovery should be stayed. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); see also Moore v. Potter, 141 F. App'x 803, 808 (11th Cir. 2005).

Thus, the Court **GRANTS** Defendants' request (doc. no. 14) and **STAYS** discovery until the District Judge's ruling on the motion for judgment on the pleadings, in which case remaining parties shall confer and submit a revised scheduling order within fourteen days. Such order should include date-certain deadlines through the filing of summary judgment motions.

SO ORDERED this 12th day of December, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA