IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WESLEY L. LEWIS, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE CITY OF WADLEY, a municipal corporation organized under the laws of the State of Georgia; HAROLD MOORE, individually and as Mayor, City of Wadley; IZELL MACK, individually and as Councilman, City of Wadley; JOHN MAYE, individually and as Councilman, City of Wadley; KENDRICK MCBRIDE, individually and as Councilman, City of Wadley; ELIZABETH MOORE, individually and as Councilwoman, City of Wadley; and JERRY THOMAS, individually and as Councilman, City of Wadley, | \* CIVIL ACTION NO. CV 116-106 |
| Defendants. | \* |

## O R D E R

Presently before the Court is Defendants' motion for judgment on the pleadings. The matter has been fully briefed and is ripe for consideration. For the reasons set forth below, Defendants' motion is **GRANTED IN PART**.

## I. LEGAL STANDARD

The legal standards applicable to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same. Roma v. Outdoor Creations, Inc. v. City of Cumming, Ga., 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008) ("A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss.") A motion for judgment on the pleadings, like a motion to dismiss, does not test whether the plaintiff will ultimately prevail on the merits of the case. Rather, it tests the legal sufficiency of the complaint. Scheur v. Rhodes, 416 U.S. 232, 236 (1974). Therefore, the court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." Id. Although there is no probability requirement at the pleading stage, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 556-57 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)). When, however, on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate. See Executive 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991).

## II. BACKGROUND

This case arises out of an employment action taken against Plaintiff Wesley L. Lewis, who was employed as the Chief of Police of the City of Wadley, Georgia, from January 1, 2009 to March 9, 2016. (Compl., Doc. 1, Ex. 1, ¶ 4.) For purposes of the present motion, the parties agree to the following facts, which are drawn from Plaintiff's complaint: On March 9, 2016, the Mayor of Wadley, Defendant Harold Moore, terminated Plaintiff. Plaintiff exercised his appeal right to Wadley's City Council. Upon conducting a hearing on March 18, 2016, the City Council overturned the Mayor's termination decision and voted to reinstate Plaintiff. Subsequently, the Mayor vetoed that determination and refused to allow Plaintiff to return to his post.

Plaintiff sued the City of Wadley, the Mayor, and the City Council members, individually and in their official capacities as council members. Plaintiff's claims include a claim for deprivation of due process under 42 U.S.C. § 1983, breach of an employment contract, and a petition for mandamus relief.[1]

### III. LEGAL ANALYSIS

Section 1983 creates a federal remedy for the deprivation of federal rights. Wideman v. Shallowford Community Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987). An actionable § 1983 claim requires proof of a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States and that the deprivation was by a person or persons acting under color of law.[2] Id. Here, Plaintiff claims that his termination, more specifically, the Mayor's refusal to recognize the City Council's reinstatement of his position, denied him due process "in clear violation of the

---

[1] Plaintiff filed the complaint in the Superior Court of Jefferson County, but in reliance upon Plaintiff's § 1983 claim, Defendants removed to this Court. Plaintiff filed a motion to remand, stating that he planned to drop the § 1983 claim. On September 30, 2016, this Court denied Plaintiff's motion to remand as premature. (Doc. 12.) Plaintiff, however, has never amended his complaint, and the § 1983 claim remains.

[2] There is no dispute that Defendants acted under color of state law.

4

laws of Georgia and the Charter and Ordinances of the City of Wadley and in violation of the clear Personnel Policies of the City of Wadley." (Compl. ¶ 21.) Notably, Plaintiff does not plead a violation of federal law.³ Nevertheless, for purposes of this motion, the Court will liberally construe Plaintiff's allegations to assert a claim for violation of the Due Process Clause of the United States Constitution.

"A § 1983 action may be brought for a violation of procedural due process." Zinermon v. Burch, 494 U.S. 113, 125 (1990). "The protections of the Due Process Clause apply to government deprivation of those [benefits] of government employment in which the employee has a constitutionally protected 'property' interest." Gilbert v. Homar, 520 U.S. 924, 928 (1997). The parties in this case do not dispute that Plaintiff had a protected property interest in his position as Chief of Police.⁴

---

³ Defendants raise this point in their motion for judgment on the pleadings, and Plaintiff does not address it in response.

⁴ "The City Charter and General Ordinances adopted by the City of Wadley, Georgia, state that the Mayor and City Council shall elect a Chief of Police, who shall hold his office for one (1) year, unless sooner removed by the Council." (Compl. ¶ 5.) Further, Section 11 of the City of Wadley's Personnel Policies and Procedures provides that the Chief of Police can only be removed for just cause. (Id. ¶ 7.) Plaintiff was elected on January 1, 2016, and therefore, he could only be removed for just cause in the ensuing year. Thus, he had a protected property interest in continued employment under Georgia law. See Jones v. Chatham Cty., 477 S.E.2d 889, 891 n.1 (Ga. Ct. App. 1996).

Through their motion for judgment on the pleadings, Defendants point out that a procedural due process claim is not actionable under § 1983 "unless and until the State fails to provide due process." Zinermon, 494 U.S. at 126. That is, there is a procedural due process violation only if the State fails to provide a means to remedy any alleged deprivation. Foxy Lady, Inc. v. City of Atlanta, Ga., 347 F.3d 1232, 1238 (11th Cir. 2003) ("[E]ven if a procedural deprivation exists during an administrative hearing, such a claim will not be cognizable under § 1983 if the state provides a means by which to remedy the alleged deprivation."); Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000) ("It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim."); McKinney v. Pate, 20 F.3d 1550, 1563 (11th Cir. 1994) ("[E]ven if [the plaintiff] suffered a procedural *deprivation* . . . at his termination hearing, he has not suffered a *violation* of his procedural due process rights unless and until the State . . . refuses to make available a means to remedy the deprivation." (emphasis in original)). Moreover, "[i]f adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of

procedural due process." Cotton, 216 F.3d at 1331.

In this case, Defendants contend that there was an available remedy to Plaintiff under Georgia law, citing O.C.G.A. § 5-4-1(a), which gives public employees the right to petition the state superior court for review of certain employment decisions. The statute provides that a "writ of certiorari shall lie for the correction of errors committed by any inferior judicatory or any person exercising judicial powers." Id. Because Plaintiff could have filed a petition for a writ of certiorari in state court, so the argument goes, he cannot state a procedural due process claim under § 1983. The crux of Defendants' argument rests upon a determination of whether Defendants' actions were quasi-judicial or whether they were administrative. See Cotton, 216 F.3d at 1332.

In Georgia, "the basic distinction between an administrative and a judicial act by officers other than judges is that a quasi-judicial action, contrary to an administrative function, is one in which all parties are as a matter of right entitled to notice and to a hearing, with the opportunity afforded to present evidence under judicial forms of procedure; and that no one deprived of such rights is bound by the action taken." South View Cemetary Ass'n v. Hailey, 34 S.E.2d 863, 866 (Ga. 1945), quoted in Cotton, 216 F.3d at 1332; and Mack II v. City of Atlanta, 489 S.E.2d 357, 359 (Ga.

Ct. App. 1997). Thus, the distinction generally turns on whether the parties were granted notice and an opportunity to be heard. Laskar v. Bd. of Regents of Univ. System of Ga., 740 S.E.2d 179, 181 (Ga. Ct. App. 2013).

Upon consideration of the process at issue in this case, the Court concludes that the function of the City Council (and subsequent veto of the Mayor) was quasi-judicial in nature. Plaintiff was afforded notice and an opportunity to be heard. More specifically, upon receiving notice of his termination on March 9, 2016, Plaintiff appealed to the City Council in compliance with the City of Wadley's Personnel Policies and Procedures. (Compl. ¶ 9.) Pursuant to Section 12(B)(3)-(4) of the Personnel Policies and Procedures, the City Council conducted a hearing on Plaintiff's appeal on March 18, 2016, and determined that the decision to terminate him should be reversed. (Id. ¶¶ 10-11, 13.) The Mayor, however, "refused to reinstate" Plaintiff (id. ¶ 15), an act that Defendants refer to as a valid veto under the City Charter of Wadley.[5]

In a similar case, the Georgia Court of Appeals determined that the County Board of Commissioners exercised quasi-judicial power in upholding its decision to terminate its County Administrator after affording the Administrator a

---

[5] Plaintiff alleges that the Mayor's veto was illegal and wrongful. (Compl. ¶ 15.) This point of contention will be addressed infra.

right to appeal the decision pursuant to its personnel policy. Bd. of Comm'rs of Effingham Cty. v. Farmer, 493 S.E.2d 21, 26 (Ga. Ct. App. 1997). The Farmer court explained that in entertaining the Administrator's appeal, the Board of Commissioners "clearly 'performed the function of a civil service board. It has been generally held that the rulings of such tribunals are quasijudicial in nature.'"[6] Id. (quoting Salter v. City of Thomaston, 409 S.E.2d 88 (Ga. Ct. App. 1991)). Likewise, in Salter, a city employee was terminated and appealed the decision to the City Manager. After a hearing, the City Manager upheld the termination decision. The Salter court held that the City Manager's function was quasi-judicial and his decision was subject to review by petition for a writ of certiorari under O.C.G.A. § 5-4-1(a). Salter, 409 S.E.2d at 89. These analogous cases demonstrate that a local governing body, such as a city council, entertaining appeals of employment decisions like a tribunal or civil service board exercises quasi-judicial power.

In response, Plaintiff conclusorily argues that the City Council was simply carrying out an administrative duty to determine whether it agreed with the termination decision.

---

[6] "The right to petition the Superior Court concerning employment decisions made by county and municipal civil service boards has been explicitly upheld." Lee v. Hutson, 810 F.2d 1030, 1031 n.3 (11th Cir. 1987) (cited sources omitted).

Plaintiff states that the City Council's action was not an appeal but an "integral part" of the administrative decision as a condition precedent to termination. (Doc. 26, at 4; see also id. at 5 ("Because the Council's decision was an administrative component of the termination process, it is not a judicial determination subject to the appeal process of O.C.G.A. § 5-4-1.").) This distinction is without an articulated difference; it is also without foundation in that Plaintiff himself alleges that the Wadley City Council acted in an authoritative *appellate* capacity. (See Compl. ¶ 10 ("[T]he City Council has authority and responsibility to conduct a hearing on the appeal and make a determination as to whether disciplinary action against an employee should be upheld or reversed.").) In any event, the Court's focus is on the process that was afforded to the terminated employee, and notwithstanding Plaintiff's conclusory label that the City Council's role was "administrative," due process (*i.e.*, notice and an opportunity to be heard) was afforded to Plaintiff by the City Council. This same focus on the process resulted in a contrary finding in a case cited by Plaintiff in his responsive brief - Laskar v. Bd. of Regents of Univ. System of Ga., 740 S.E.2d 179. There, the Georgia Court of Appeals determined that the review of the discharge of a tenured professor by a Faculty Hearing Committee was not quasi-

10

judicial but administrative because the committee only submitted a "recommendation" to the university president, who was free to accept or reject the recommendation. Id. at 182-83. Thus, the Hearing Committee acted merely in an advisory capacity to the president. Id. at 184. Once the termination decision was made, the employee had no right to any further hearing on the matter. Id. On this point, the Laskar court distinguished the case from Farmer, discussed above, where the terminated county employee was granted a hearing and opportunity to present evidence to the county board of commissioners for review of the final termination decision.[7] Id. In the case at bar, the process shows that Plaintiff was discharged and then granted a hearing and opportunity to be heard by the City Council, much like the plaintiffs in Farmer

---

[7] Plaintiff also cites a 1935 decision involving a certified question to the Georgia Supreme Court of whether the Public Service Commission acts in a quasi-judicial or administrative role in revoking a certificate of public convenience and necessity for a motor carrier that abandoned passenger service along a certain route – Southeastern Greyhound Lines v. Ga. Public Serv. Comm'n, 181 S.E. 834 (Ga. 1935). In the case, the Georgia Supreme Court determined that the hearing before the Public Service Commission was administrative in nature because it did not involve a disinterested application of law to facts. Id. at 837-38. Yet, Plaintiff cannot distinguish the more recent similar cases of Farmer and Salter that also did not involve an application of law to facts, but rather involved local governing bodies sitting in review of a termination decision. Further, Plaintiff argues that the Wadley City Council was not acting as an *independent* appellate body. (Doc. 26, at 4.) Yet, the governing bodies in Farmer and Salter that were found to be quasi-judicial in nature were not independent either.

and Salter. Thus, the City Council acted in a quasi-judicial manner.

Finally, Plaintiff argues in brief that the supportive cases of Farmer and Salter are distinguishable because they involve an appeal from a finalized employment decision to *terminate* an employee. Plaintiff continues that in this case, the final decision of the City Council was to reinstate Plaintiff, a decision which the Mayor refuses to recognize and the City Council has failed to implement. The problem with Plaintiff's argument is it does not recognize the Mayor's power to veto the resolution of the City Council to reinstate Plaintiff. The Wadley City Charter[8] provides in pertinent part:

> Within 96 hours after the adjournment of any council meeting, the city clerk shall present to the mayor the record of proceedings of the meeting and all ordinances and resolutions adopted at the meeting. The mayor, within seven days of receipt of an ordinance or resolution, shall return it to the city clerk with or without his approval, or with his veto. . . . Ordinances and resolutions vetoed by the mayor shall be considered at the next regular meeting of the council, and the council may pass the ordinance over the veto by the affirmative vote of four of its members. . . . The mayor's veto shall extend to . . . any ordinance or resolution . . . .

(The Charter of the City of Wadley, Doc. 13-1, Ex. to Defs.'

---

[8] "Interpretation of statutes, ordinances, and charters . . . presents a question of law for the court." City of Buchanan v. Pope, 476 S.E.2d 53, 55 (Ga. Ct. App. 1996).

Br. in Supp. of Mot. for J. on the Pleadings.)  In this case, the Mayor vetoed the City Council's decision to reinstate Plaintiff, and the City Council did not pass the matter over the veto.  Thus, the final decision was in fact to *terminate* Plaintiff.  Plaintiff's protestations to the contrary, it is well settled in Georgia that when a municipal charter provides for a mayoral veto of any resolution, the veto power extends to the decision of whether to discharge an employee. <u>Allen v. Wise</u>, 50 S.E.2d 69, 72 (Ga. 1948) ("[W]here the veto power is specifically granted[, the] mayor correctly determined that he had the legal right to veto the resolution discharging [the comptroller]."); <u>City of Ludowici v. Brown</u>, 295 S.E.2d 90, 92 (Ga. 1982) (relying upon <u>Allen v. Wise</u>, the court found that a mayor could veto the appointment of a court employee because the city charter provided, without limitation, that the mayor had veto power over "any resolution or ordinance passed by the council"); <u>cf.</u> <u>Stephenson v. Brown</u>, 300 S.E.2d 803, 804-05 (Ga. 1983) (recognizing that a city charter may specifically grant a mayoral veto over employment decisions of the city council but concluding that the city charter at issue in the case excluded "elections" from the mayoral veto power, and thus, the mayor could not veto the council's election of a city attorney).

Plaintiff argues that the Mayor's veto was not valid

13

because the City Charter also provides that the Mayor's authority to make employment/personnel decisions is subject to council approval. (Doc. 16, at 2 (citing Section 3-3 of the City Charter).) The Wadley City Code also provides: "'The mayor and council shall elect a chief of police, who shall hold his office for one year, unless sooner removed <u>by the council</u>.'" (<u>Id.</u> (quoting Wadley City Code § 18-1).) These provisions, however, do not contradict the veto process whereby the City Council has the authority and power to pass a resolution or ordinance over the Mayor's veto. In essence then, the City Council is the last arbiter of employment decisions in accord with the quoted provisions.[9]

In conclusion, Plaintiff could have sought review of Defendants' decision to terminate him by filing a petition for writ of certiorari in the Superior Court of Georgia pursuant to O.C.G.A. § 5-4-1. The availability of this state remedy precludes his § 1983 claim for violation of procedural due process. Accordingly, Defendants are entitled to judgment on the pleadings as to Plaintiff's sole federal claim.

---

[9] To the extent the Wadley City Code provision regarding removal of the Chief of Police conflicts with the Wadley City Charter, Georgia law provides that the Charter governs. <u>City of Buchanan</u>, 476 S.E.2d at 56.

14

## IV. CONCLUSION

Upon the foregoing, the Court concludes that the factual allegations of the complaint will not support a claim for deprivation of due process under 42 U.S.C. § 1983. Without that federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). Accordingly, Defendants' motion for judgment on the pleadings (doc. 13) is **GRANTED IN PART**. The Clerk is directed to **REMAND** this case to the Superior Court of Jefferson County.[10]

**ORDER ENTERED** at Augusta, Georgia, this 9th day of June, 2017.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[10] "[F]ederal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction." McDuffie v. Broward County, Fla., 654 F. App'x 408, 411 (11th Cir. 2016) (quoted sources omitted).

15